Case 4:09-cv-00181-TSL-LRA   Document 1   Filed 12/29/2009   Page 1 of 16

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
DEC 2 9 2009
J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMERICAN RESOURCES INSURANCE COMPANY, INC.**         **PLAINTIFF**

VS                                    CIVIL ACTION NO. 4:09C:181TSL-LRA

**W. G. YATES & SONS CONSTRUCTION
COMPANY; SPECTRUM II;
TELLY WALSWORTH, individually and d/b/a SPECTRUM II
SPECTRUM CONCRETE SERVICES, LLC
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA; and JOHN DOES 1-20**           **DEFENDANTS**

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, American Resources Insurance Company, Inc. (hereinafter "American Resources") by and through undersigned counsel, and submits this, its Complaint for Declaratory Judgment against Defendants, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, and would respectfully show to this Honorable Court the following:

### PARTIES AND JURISDICTION

1. Plaintiff, American Resources, is a corporation organized and existing under the laws of the state of Alabama, having a principal place of business in Mobile, Alabama.

2. Defendant W.G. Yates & Sons Construction Company (hereafter "Yates") is a Mississippi Corporation with a principal place of business in Philadelphia, Mississippi, and having appointed William G. Yates, Jr., as its Registered Agent for Service of Process who may be served at 1 Gully Avenue, Philadelphia, Mississippi 39350.

3. Defendant Spectrum II is a d/b/a of Telly Walsworth, an adult resident citizen of the State of Mississippi and may be served with process 4427 Indian Springs Road, Laurel, Mississippi 39443.

4. Defendant Telly Walsworth is an adult resident citizen of Mississippi, and may be served with process at 4427 Indian Springs Road, Laurel, Mississippi 39443.

5. Defendant Spectrum Concrete Services, LLC is a Mississippi Limited Liability Company and may be served with process upon its Registered Agent for service of process, Candice Walsworth, at 37 Watertank Road, Laurel MS 39443.

6. Defendant Travelers Property Casualty Company of America (hereafter "Travelers") is an insurance company organized and existing under the laws of Connecticut with its principal place of business in Connecticut, and my be served with process upon its Registered Agent for service of process, Charles A. Brewer, at 506 South President Street, Jackson, MS 39201.

7. John Does (1-20) are as yet unknown individuals or entities who were working at the W.G. Yates & Sons Construction site at the Anderson Regional Medical Center Medical Towers on November 17, 2008 or have a property interest in the site and may have claims for bodily injuries and/or property damage suffered as a result of the collapse.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff, American Resources, and all Defendants, and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, because American Resources' potential coverage limits and the possible claims being asserted against Spectrum and Yates are well in excess of that amount.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the claims against the Defendants occurred in the Southern District of Mississippi.

## ISSUANCE OF THE POLICY

10. Plaintiff, American Resources, issued a businessowner's liability policy of insurance to "Spectrum II, Kelly Walsworth d/b/a" bearing Policy Number ATA0416900.

11. The Policy Period for American Resources Policy No. ATA0416900 was April 28, 2008 through April 28, 2009. The insurance policy is attached hereto and incorporated herein by reference as Exhibit "A".

12. Upon information and belief, Kelly Walsworth is a typographical misnomer and should be Telly Walsworth.

13. Item 3. of the Common Policy Declarations for Policy Number ATA0416900 lists the form of business as "Individual".

## CONTRACT WITH W.G YATES & SONS CONSTRUCTION CO.

14. On or about August 19, 2008, Spectrum Concrete Services, entered into a Subcontract with W. G. Yates & Sons Construction Company related to the construction of a medical towers projects in Meridian, Mississippi.

15. Telly Walsworth is identified in the Subcontract as the "owner" of Spectrum Concrete Services.

16. Telly Walsworth signed the Subcontract as the authorized representative of Spectrum Concrete Services.

17. The Subcontract contains the following provision regarding insurance:

> Article IX: Insurance
> 9.0 . . . . The subcontractor shall name the contractor as a named additional insured (but not subject to premium terms liability) on all insurance policies and coverages, and the subcontractor's insurance shall be primary as to any other valid insurance available to the contractor and shall contain a standard cross-liability endorsement, severability of interests clause, and a waiver

        of all rights of subrogation by subcontractor's insurer as against the contractor.

18. The Subcontract contains the following provision regarding indemnification:

> Article XI: Indemnification
>
> 10.0. . . . To the fullest extent permitted by law, the subcontractor covenants to defend, indemnify, hold harmless, protect and exonerate both the contractor and its affiliates, agents, employees, representative, and sureties and the owner, architect, and engineers, jointly and severally, from and against any and all liability, claims, damages, losses, suits, actions, demands, liens, arbitrations, administrative proceedings, awards, judgments, expenses, costs, and attorneys fees pertaining to economic loss or damage, labor disputes, safety requirements, performance or non-performance of obligations, certifications, property rights of third parties, personal injury, bodily injury, sickness, disease, death, or damage to or destruction of property (including loss of use thereof) which (I) are caused in whole or in part by the subcontractor. . . . (II) arise from or occur in connection with work undertaken or to be performed by the subcontractor, . . . . or (III) arise from or are connected with any other act or omission relating to the subcontractor, the subcontract, or the subcontract work. It is the specific and express intent of the subcontract for the foregoing covenants and indemnity obligations to apply to the fullest extent permitted by applicable law, regardless of whether the liability is caused in whole or in part by a party indemnified hereunder. . . .

## UNDERLYING CLAIM

19. On or about November 17, 2008, while workers were working on the Yates project, a collapse occurred at the Yates jobsite. As a result of the collapse, several individuals were injured.

20. Upon information and belief, some of the injured individuals were employees of Spectrum II.

21. Upon information and belief, some of the injured individuals were employees of Yates.

22. Travelers, on behalf of Yates, has contacted American Resources on more than one occasion and made demands for defense and indemnity related to the collapse.

23. Upon information and belief, Travelers is the insurance carrier for Yates. On May 18, 2009, Yates put American Resources on notice of a property claim that is in excess of $500,000.00.

24. Yates has indicated that it is in possession of documents, information or materials that indicates or suggests that Spectrum was negligent related to its work at the Yates jobsite.

25. American Resources has specifically demanded all investigative materials concerning the November 17, 2008 incident, including any and all reports of experts, as well as any and all other information that is known to either Yates or Travelers concerning the incident.

26. Travelers, on behalf of Yates, has refused to American Resources provide such documents until American Resources confirms that all information obtained by American Resources will be kept confidential and not shared with any other parties.

27. American Resources has demanded an examination under oath of the named insured Spectrum II and its representative Telly Walsworth concerning the November 17, 2008 incident. Spectrum II and Mr. Walsworth have refused to submit to such an examination under oath and are refusing to provide required information to American Resources.

## COUNT I – BREACH OF DUTY TO COOPERATE

28. American Resources Policy No. ATA0416900 contains the following provision regarding cooperation:

> E. Liability And Medical Expenses General Conditions
>
>> 2. Duties In the Event Of Occurrence, Offense, Claim or Suit
>> c. You and any other involved insured must:
>> . . . .
>>> (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; . . . .

29. Yates has failed, and continues to fail to cooperate with American Resources related to the November 17, 2008 incident. Travelers has failed, and continues to fail to cooperate with American Resources related to the November 17, 2008 incident.

30. Spectrum has failed, and continues to fail to cooperate with American Resources related to the November 17, 2008 incident.

31. American Resources has been denied the opportunity undertake an independent investigation and examination of the facts and circumstances surrounding the incident.

32. These failures to cooperate have prejudiced American Resources because it has been unable to undertake a meaningful investigation of the incident.

33. As a result of Yates', Travelers' and Spectrum's failure to cooperate with American Resources' attempts to investigate the November 17, 2008 incident, American Resources is entitled to declaration that it has no duty to defend or indemnify Yates and/or Spectrum with regard to any claims arising from the November 17, 2008 incident.

## COUNT II – WHO IS AN INSURED

34. American Resources Policy No. ATA0416900 contains the following provision regarding Who Is An Insured:

> C. Who Is An Insured
> 1. If you are designated in the Declaration as:
>    a. An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.
> . . . .
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Names Insured in the Declarations.

35.     American Resources Policy No. ATA0416900 lists "Spectrum II, Kelly Walsworth d/b/a" as the Named Insured and designates the form of business as "individual."

36.     American Resources Policy No. ATA0416900 makes no mention of Spectrum Concrete Services or Spectrum Concrete Services, LLC.

37.     Spectrum Concrete Services and Spectrum Concrete Services, LLC are not insureds under American Resources Policy No. ATA0416900.

38.     Yates' Subcontract is with Spectrum Concrete Services.

39.     Because Spectrum Concrete Services is not an insured under American Resources Policy No. ATA0416900, W.G. Yates & Sons Construction Company is not an insured under the policy.

40.     American Resources is entitled to a declaration that because neither Spectrum Concrete Services, Spectrum Concrete Services, LLC and W.G. Yates & Sons Construction Company are not insureds under Policy No. ATA04168900, that it has no duty to defend or indemnify any of those entities with regard to any claims arising from the November 17, 2008 incident.

## COUNT III – OTHER INSURANCE

41.     American Resources Policy No. ATA0416900 contains the following provision regarding Other Insurance:

> SECTION III – COMMON POLICY CONDITIONS (APPLICABLE TO SECTION I – PROPERTY AND SECTION II – LIABILITY)
> . . . .
> H.   Other Insurance
> . . . .
>     2.  Business Liability Coverage is excess over:
>         . . . .
>         b. Any other primary insurance available to you covering liability for damages arising out of the premises or operations

        for which you have been added as an additional insured by attachment of an endorsement

3. When this insurance is excess, we will have no duty under Business Liability Coverage to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so; but we will be entitled to the insured's rights against all those other insurers.

42. Upon information and belief, Yates has a policy of insurance with Travelers.

43. Upon information and belief, Yates' policy of insurance with Travelers is primary insurance.

44. American Resources is entitled to a declaration that because W.G. Yates & Sons Construction Company has other primary insurance available to it, that American Resources Policy No. ATA0416900 is excess to that primary insurance and that it therefore has no duty to defend any claims against W.G. Yates & Sons Construction Company arising from the November 17, 2008 incident.

## COUNT IV – EMPLOYERS LIABILITY EXCLUSION

45. American Resources Policy No. ATA0416900 contains the following exclusion:

SECTION II – LIABILITY
. . . .
B. Exclusions

    1. Applicable To Business Liability Coverage

    This insurance does not apply to:

    e.    Employer's Liability

    "Bodily Injury" to:

    (1)    An "employee" of the insured arising out of and in the course of:

        (a)    Employment by the insured; or

      **(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

46. The purported claimants appear to be injured individuals who either worked for Spectrum II or Yates.

47. This exclusion eliminates coverage for any bodily injury to those individuals employed by either Spectrum II or Yates.

48. American Resources is entitled to a declaration that because the claimants are either employees of Spectrum II or Yates, that American Resources has no duty to defend or indemnify Spectrum II or Yates with regards to those bodily injury claims arising from the November 17, 2008 incident.

### COUNT V – WORKERS COMPENSATION EXCLUSION

49. American Resources Policy No. ATA0416900 contains the following exclusion:

SECTION II – LIABILITY
. . . .
B. Exclusions

    1. Applicable To Business Liability Coverage

       This insurance does not apply to:
       . . . .

        d.  Workers' Compensation and Similar Laws

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

50. If Spectrum Concrete Services or Yates are insureds under American Resources Policy No. ATA-0416900, this exclusion applies to eliminate coverage because the injured individuals' exclusive remedy is under Mississippi workers' compensation laws.

51. American Resources is entitled to a declaration that because the claimants' exclusive remedy is through the Mississippi workers' compensation laws, that American Resources has no duty to defend or indemnify Spectrum II or Yates with regards to those bodily injury claims arising from the November 17, 2008 incident.

## COUNT VI – NOTICE

52. American Resources Policy No. ATA0416900 contains the following provision regarding notice:

    **2.**    **Duties In the Event Of Occurrence, Offense, Claim or Suit**

        **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible . . . .

        **b.**    If a claim is made or "suit" is brought against any insured, you must:
        (1)    Immediately record the specifics of the claim or "suit" and the date received; and
        (2)    Notify us as soon as possible.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

53. Travelers provided first notice of this claim on January 8, 2009 to Ross-King Walker.

54. American Resources did not receive actual notice of the claim until March or April of 2009.

55.   American Resources was not made aware of the potential claim or claims, or potential injuries, until approximately four (4) to five (5) months after the incident occurred.

56.   Due to late notice of the claim(s), American Resources has been denied the opportunity to undertake an independent investigation and examination of the facts and circumstances surrounding the incident.

57.   This late notice has prejudiced American Resources because it has been unable to undertake a meaningful investigation of the incident.

58.   As a result of Yates' and Travelers' late notice, American Resources is entitled to declaration that it has no duty to defend or indemnify Yates with regard to any claims arising from the November 17, 2008 incident.

## COUNT VII – ADDITIONAL INSURED

59.   Policy No. ATA0416900 was issued with Endorsement **BP 04 51 07 02** "Additional Insured – Owners, Lessees or Contractors – With Additional Insured Requirement in Construction Contract". This endorsement modifies the policy as follows:

> **The following is added to Paragraph C. Who Is An Insured in Section II – Liability**:
> 4. Any person or organization for whom you are performing operations is also an insured, if you and such person or organization have agreed in writing in a contract or agreement that such person or organization be included as an additional insured on your policy. Such person or organization is an additional insured only with respect to your ongoing operations performed for that insured. A person's or organization's status as an insured under this paragraph when your operations for that insured are completed or the contractor's agreement is terminated.

60.   Terry Walsworth d/b/a Spectrum II was not performing operations for W.G. Yates & Sons Construction Company.

61.     Spectrum Concrete Services was performing operations for W.G. Yates & Sons Construction Company.

62.     Because Terry Walsworth d/b/a Spectrum II was not performing operations for W.G. Yates & Sons Construction Company, Yates is not an additional insured to Policy No. ATA0416900.

63.     Because Yates is not an additional insured to Policy No. ATA0416900, American Resources is entitled to declaration that it has no duty to defend or indemnify Yates with regard to any claims arising from the November 17, 2008 incident.

## COUNT VIII – PROPERTY DAMAGE NOT RESULT OF OCCURRENCE

64.     American Resources Policy No. AT0416900 provides the following:

> **SECTION II – LIABILITY**
>
> **A.     Coverages**
>
> **1.     Business Liability**
> . . . .
> **b.** This insurance applies:
> **(1)** To "bodily injury" and "property damage" only if:
> **(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
> . . . .

65.     Policy No. AT0416900 defines "occurrence" as follows:

> . . . an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

66.     Spectrum and Yates both intended to perform the concrete work on the job at Anderson Medical Center.

67.     Spectrum's intentional acts were not an accident.

68.     Yates' intentional acts were not an accident.

69. Spectrum's intentional acts were not an occurrence as defined by Policy No. AT0416900.

70. Yates' intentional acts were not an occurrence as defined by Policy No. AT0416900.

71. There is no coverage under Policy No. AT0416900 for damage resulting from Spectrum's intentional acts.

72. There is no coverage under Policy No. AT0416900 for damage resulting from Yates' intentional acts.

73. Because Yates and Spectrum's acts were intentional and did not result in an occurrence, American Resources is entitled to a declaration that it has no duty to defend or indemnify any property damage claims arising from the November 17, 2008 incident.

### COUNT IX – PROPERTY DAMAGE EXCLUSIONS

74. American Resources Policy No. AT0416900 provides the following:

> SECTION II – LIABILITY
> . . . .
> B. Exclusions
>
> 1. Applicable To Business Liability Coverage
>
>    This insurance does not apply to:
>    . . . .
>    k. Damage to Property
>       "Property damage" to:
>       . . . .
>       (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>       (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>       . . . .

75.     Yates seeks recovery for repairs it must make to either to Spectrum's work or its own work that caused damages before the work was completed.

76.     Exclusions k(5) and k(6) eliminate coverage for any claims associated with the repair or replacement of work performed by an insured because that work was incorrectly performed on it.

77.     Because Exclusions k(5) and k(6) eliminate coverage for the property damage claims, American Resources is entitled to declaration that it has no duty to defend or indemnify those claims arising from the November 17, 2008 incident.

## COUNT X – DECLARATORY RELIEF

78.     American Resources incorporates by reference Paragraphs 1 – 78 as if the same were fully set forth at length herein.

79.     American Resources requests this court declare the rights and legal obligations of the persons interested under the American Resources Policy No. ATA0416900 issued to Spectrum II. A real controversy now exists between American Resources and Defendants as to whether the policy of insurance issued by American Resources to Spectrum II provides liability coverage and/or a duty to defend and/or indemnify Spectrum II or Yates related to the incident of November 17, 2008.

80.     In order to terminate the controversy and the uncertainty concerning the claims and/or allegations related to the existence and/or extent of liability coverage, and the existence of any duties owed by American Resources to Spectrum II, Yates or other parties concerning the November 17, 2008 incident, it is necessary that a declaration be made as to the rights and obligations of American Resources under the subject policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff American Resources respectfully requests that this Court determine and adjudicate the rights of the parties and declare and enter judgment as follows:

a. No duty of defense or indemnity owed by American Resources has been triggered by the incident of November 17, 2008.

b. American Resources owes no duty of defense or indemnity to Yates, as no covered claim under the policy has been presented to American Resources.

c. American Resources owes no duty of defense or indemnity to Spectrum II, as no covered claim under the policy has been presented to American Resources.

d. American Resources owes no duty of defense or indemnity to Spectrum Concrete Services, as no covered claim under the policy has been presented to American Resources.

e. American Resources owes no duty of defense or indemnity to Spectrum Concrete Services, LLC, as no covered claim under the policy has been presented to American Resources.

f. American Resources owes no duty of defense or indemnity for any property damage claims because those claims were not the result of occurrence as defend by the policy.

g. Any claim arising from the incident of November 17, 2008 asserted by an employee of Spectrum II and/or Yates would not be a covered claim under the policy due to the provisions of the policy and exclusions contained therein.

h. Any property damage claim arising from the incident of November 17, 2008 would not be a covered claim under the policy due to the provisions of the policy and exclusions contained therein.

i. Yates and/or Spectrum II failed to provide timely notice of the incident of November 17, 2008 to American Resources as required by the terms of the American Resources policy, and this failure to provide timely notice to American Resources has prejudiced the rights

of American Resources and operates as an absolute bar to coverage for any claims arising out of the November 17, 2008 incident under the policy.

j.  Yates and Spectrum II have failed to cooperate with American Resources in the investigation of the November 17, 2008 incident, and have otherwise failed to provide information to American Resources and has withheld information from American Resources related to such incident, and the failure to cooperate by Yates and Spectrum II results in an absolute bar to coverage for any claims related to the November 17, 2008 incident.

k.  American Resources policy is excess to any insurance provided by Travelers to Yates.

l.  Yates is not an additional insured on the American Resources policy for work performed by Spectrum Concrete Services.

m.  That the Court award such other relief as may be deemed appropriate.

Respectfully submitted,

AMERICAN RESOURCES
INSURANCE COMPANY, INC.

By: _____
David M. Ott, MSB No. 3948
Kris A. Powell, MSB No. 101458

OF COUNSEL:

BRYAN NELSON P.A.
Post Office Drawer 18109
Hattiesburg, MS 39404
(601) 261-4100 office
(601) 261-4106 fax
e-mail: dott@bnlawfirm.com
         kpowell@bnlawfirm.com

96145.DOCX                                  16